

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-7-2006

# In Re: Wayne Cole

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5497

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"In Re: Wayne Cole " (2006). *2006 Decisions.* Paper 1626.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1626

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

APS-92                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-5497
_____

IN RE: WAYNE COLE,

Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to Civil No. 04-cv-01452)
District Judge: Honorable William H. Walls

_____

Submitted Under Rule 21, Fed. R. App. P.
January 6, 2006

BEFORE: SLOVITER, McKEE and FISHER, CIRCUIT JUDGES

(Filed: February 7, 2006)
_____

OPINION
_____

PER CURIAM

    Wayne Cole filed a petition for writ of habeas corpus in the United States District

Court for the District of New Jersey.  The District Court, the Honorable William H. Walls

presiding, dismissed the petition.  Cole subsequently filed a motion to recuse Judge

Walls, as well as a motion to obtain an updated docket sheet, on August 17, 2005.

Requesting that this Court order the District Court to rule on the two motions, Cole now brings a petition for writ of mandamus.

Mandamus is an extraordinary remedy. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). Within the discretion of the issuing court, mandamus traditionally may be "used . . . only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" Id. (citations omitted). A petitioner must show "'no other adequate means to attain the desired relief, and . . . a right to the writ [that] is clear and indisputable.'" See In re Patenaude, 210 F.3d 135, 141 (3d Cir. 2000) (citation omitted). Although how a district court controls its docket is committed to its sound discretion, see In re Fine Paper Antitrust Litigation, 685 F.2d 810, 817 (3d Cir. 1982), an appellate court may issue a writ of mandamus when an undue delay in adjudication becomes equal to a failure to exercise jurisdiction and rises to the level of a due process violation, see Madden v. Myers,102 F.3d 74, 79 (3d Cir. 1996).

Here, the delay from August 2005, when Cole filed his motions, through December 2005, when Cole filed his mandamus petition, is not so long as to constitute a failure to exercise jurisdiction. See Madden, 102 F.3d at 79. Therefore, this petition for writ of mandamus will be denied.